IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY, an Iowa Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| JOLIET HI HOTELS, an Illinois Limited Liability Company d/b/a HOLIDAY INN & SUITES – JOLIET SOUTHWEST; MARK BRONSON, and MEAGAN LAMON, | ) ) ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, DEPOSITORS INSURANCE COMPANY, an Iowa Corporation, by and through its attorneys, MEAGHER & GEER, P.L.L.P., states the following as its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, against Defendants, JOLIET HI HOTELS, an Illinois Limited Liability Company d/b/a HOLIDAY INN & SUITES – JOLIET SOUTHWEST; MARK BRONSON, and MEAGAN LAMON:

**Introduction**

1. This is a Declaratory Judgment action to obtain a declaration of the rights and obligations under a commercial general liability insurance policy, Certificate Number ACP GLDO 3018689697 and ACP GLDO 3008689697 (the "Policy") issued by Depositors Insurance Company to its named insured, Joliet HI Hotels, LLC. Depositors seeks a declaration from this Court regarding the extent of Depositors' rights and obligations, if any, under the Policy for the allegations in the lawsuit entitled, *Mark Bronson, and Meagan Lamon, individually, and on behalf of all others similarly situated, v. Intercontinental Hotels Group, Inc., Intercontinental Hotels Group Resources, LLC, Six Continents Hotels, Inc., Joliet HI Hotels, LLC d/b/a Holiday*

*Inn & Suites – Joliet Southwest, ADP, LLC*, Case No. 2019 CH 9294, filed in the Chancery Division of the Circuit Court of Cook County, State of Illinois (the "Underlying Complaint"). (A copy of the Underlying Complaint is attached as <u>Exhibit A</u>.)

2. Depositors seeks a declaration from this Court that it owes no obligation under the Policy to defend and/or to indemnify HI Hotels with regard to the allegations in the Complaint.

## Jurisdiction and Venue

3. Plaintiff, Depositors Insurance Company ("Depositors"), was an insurance company with its principal place of business in Des Moines, Iowa and was authorized to issue policies of insurance in the state of Illinois.

4. Defendant, Joliet HI Hotels, LLC d/b/a Holiday Inn & Suites – Joliet Southwest ("HI Hotels"), is a limited liability company organized under the laws of Illinois with its principle place of business in Aurora, Illinois. HI Hotels is the named insured under the Commercial General Liability Insurance policy issued by Depositors, which is at issue and is further described in this Complaint.

5. Defendant, Mark Bronson ("Bronson"), is a resident of Illinois. Depositors names Bronson as a potentially interested party by virtue of his status as the named plaintiff and putative class representative in the Underlying Complaint. No affirmative relief is sought against Bronson.

6. Defendant, Meagan Lamon ("Lamon"), is a resident of Illinois. Depositors names Lamon as a potentially interested party by virtue of her status as the named plaintiff and putative class representative in the Underlying Complaint. No affirmative relief is sought against Lamon.

7. The violations of BIPA alleged in the Underlying Complaint all occurred at two locations in Joliet, Illinois or Vernon Hills, Illinois.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Depositors, on the one hand, and Defendants, HI Hotels, Bronson and Lamon, on the other hand; and (b) the amount in controversy, including the potential cost of defending and indemnifying HI Hotels in the Underlying Lawsuit well exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in this District, including where the Depositors Policy was issued and delivered, where the statutory violations alleged in the Underlying Complaint occurred, and where the underlying lawsuit is pending.

10. An actual justiciable controversy exists between Depositors, on the one hand, and Hi Hotels, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## The Underlying Putative Class Action Lawsuit

11. Defendants Bronson and Lamon have brought a putative class action complaint directed against HI Hotels, among other entities, in the Chancery Division of the Circuit Court of Cook County, Illinois, which is entitled, *Mark Bronson, and Meagan Lamon, individually, and on behalf of all others similarly situated, v. Intercontinental Hotels Group, Inc., Intercontinental Hotels Group Resources, LLC, Six Continents Hotels, Inc., Joliet HI Hotels, LLC d/b/a Holiday Inn & Suites – Joliet Southwest, ADP, LLC*, Case No. 2019 CH 9294 (the "Underlying Complaint"). (Exhibit A.)

12. The Underlying Complaint contains three counts, which allege that HI Hotels and the other defendants named in the Underlying Complaint violated the Illinois Biometric Information Privacy Act ("BIPA") [740 ILCS 14/1 *et seq.*] by engaging in the "unlawful collection, use, storage, and disclosure of Plaintiffs' sensitive and proprietary information" (Exhibit A, ¶¶ 1, 5-7).

13. Counts I through III of the Underlying Complaint seek statutory damages available under BIPA to Bronson, Lamon and each putative class member, of $1,000 per negligent violation, $5,000 per intentional or reckless violation.. (Exhibit A, ¶¶ 92, 102, 111, and Prayer for Relief).

14. The Underlying Complaint seeks to certify a purported class of "all individuals working for a property owned, operated, managed, or franchised by one or more Defendants in the State of Illinois who had their fingerprint collected, captured, received, otherwise obtained, maintained, stored or disclosed by one or more of the Defendants during the practice the applicable statutory period." (Exhibit A, ¶ 74). The putative class is alleged to "exceed fifty (50) individuals." (Exhibit A, ¶ 76).

15. The Underlying Complaint alleges that HI Hotels "violated and continues to violate BIPA because it did not and continues not to:

   a. Properly inform Plaintiffs and others similarly situated in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by BIPA;

   b. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and other similarly-situated individuals' fingerprints, as required by BIPA;

   c. Receive a written release from Plaintiffs and others similarly situated to collect, store, disseminate, or otherwise use their fingerprints, as required by BIPA; and

    d.    Obtain consent from Plaintiffs and others similarly situated to disclose, redisclose, or otherwise disseminate their fingerprints to a third party as required by BIPA." (Exhibit A, ¶¶13, 85-86, 88-91, 94-95, 98-101, 104-105, 108-110).

## The Depositors' Policy

16.    Depositors issued to Joliet HI Hotels, LLC ("HI Hotels") a Commercial General Liability Policy, No. ACP GLDO 3008689697, effective April 9, 2018 through April 9, 2019, and reissued as No. ACP GLDO 3018689697, effective April 9, 2019 through April 9, 2020, (the "Policy"), to HI Hotels with limits of $1 million each occurrence and $2 million in the general aggregate. (A copy of the Depositors Policy is attached hereto and made a part hereof as Exhibits "B" and "C").

17.    The Depositors Policy provides, in relevant part, as follows:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Please read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II. Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Please refer to Section V. Definitions.

**SECTION I. COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or

"property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C. No other obligation or liability to pay sums or perform ads or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

      (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2. EXCLUSIONS**

This insurance does not apply to:

[. . . ]

**e. Employer's Liability**
"Bodily injury" to:

      (1) An "employee" of the insured arising out of and in the course of:

          (a) Employment by the insured; or

          (b) Performing duties related to the conduct of the insured's business; or

[. . .]

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

[. . .]

**q. Recording and Distribution Of Material In Violation Of Law**
"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

[. . . ]

      (4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting,

>> recording, sending, transmitting, communicating or distribution of material or information.
>
> [. . .]

## COVERAGE B — PERSONAL AND ADVERTISING INJURY LIABILITY
### 1. Insuring Agreement

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
>> (1) The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
>>
>> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.
>
> b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

### 2. EXCLUSIONS
This insurance does not apply to:

> [. . .]
>
> **a. Knowing Violation Of Rights Of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".
>
> [. . .]
>
> **c. Material Published Prior To Policy Period**

> "Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.
>
> [. . .]
>
> **p. Recording and Distribution Of Material In Violation Of Law**
> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> > [. . . ]
> >
> > (4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.
> >
> > [. . . ]

**SECTION V. DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

   a. Notices that are published include material placed on the Internet or on similar electronic means of communication;

   [. . . ]

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    [. . . ]

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    [ . . . ]

22. "Your work":

a. Means:
   (1) Work or operations performed by you or on your behalf; and

   (2) Materials, parts or equipment furnished in connection with such work or operations.

The following Endorsements were incorporated into and modified the Policy:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **2.p.** of **Section I — Coverage A — Bodily Injury and Property Damage Liability** is replaced by the following:

**2. Exclusions**
This insurance does not apply to:

**p. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

Damages arising out of:

**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

**(2)** The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

However, unless Paragraph (1) above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs,

tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

B. The following is added to Paragraph **2. Exclusions** of **Section I – COVERAGE B – Personal and Advertising Injury Liability**:

   **2. Exclusions**
   This insurance does not apply to:

   **Access Or Disclosure Of Confidential Or Personal Information**

   "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

   This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

   **All terms and conditions of this policy apply unless modified by this endorsement.**

   * * * * *

   **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

   ## EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of Section I — Coverage A — Bodily Injury And Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

   [. . .]

   (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

[. . .]

This exclusion applies:

(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B. The following exclusion is added to Paragraph 2., Exclusions of Section I — Coverage B — Personal and Advertising Injury Liability:

This insurance does not apply to:

"Personal and advertising injury" to:

(1) A person arising out of any:

[. . .]

(c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

[. . .]

This exclusion applies:

(1) Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

(2) Whether the insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**All terms and conditions of this policy apply unless modified by this endorsement.**

**HI Hotels' Tender to Depositors**

18. On or about September 9, 2019, HI Hotels has tendered to Depositors the defense and indemnity of HI Hotels in relation to the underlying complaint.

19. On or about September 16, 2019, Depositors notified HI Hotels that it had reviewed the Policy and determined that there was no coverage for either defense or indemnity in connection with the underlying complaint.

20. In addition, in the denial of coverage notification dated September 16, 2019, Depositors requested that HI Hotels withdraw it tender by executing a "Stipulation to Coverage Denial and Agreement to Withdraw Tender."  HI Hotels has not provided Depositors a copy of the executed stipulation or otherwise withdrawn its tender.

**COUNT I – DECLARATORY JUDGMENT**

21. Depositors repeats and realleges the allegations in Paragraphs 1 through 20 as though fully set forth herein as paragraph 21.

22. The Depositors Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" (Exhibits B and C).

23. The Depositors Policy defines "personal and advertising injury", in relevant part, as an injury arising from an "oral or written publication, in any manner, of material that violates a person's right of privacy."   (Exhibits B and C).

24. The "Recording and Distribution of Material in Violation of Law" exclusions contained in the Depositors Policy, which excludes coverage for any bodily injury, property damage, or  personal and advertising injury that arises from any act or omission in violation of any state statute that "addresses, prohibits or limits the [ ] dissemination, disposal, collecting,

recording, transmitting, communicating, or distribution of material or information", precludes for HI Hotels under the Policy's Coverages A and B in connection with the underlying complaint because it arises directly from alleged violations of the Biometric Information Privacy Act ("BIPA") [740 ILCS 14/1 *et seq*.], which is an Illinois state statute that regulates "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information". (Exhibit A).

25. Additionally, and in the alternative, the "Access or Disclosure of Confidential or Personal Information and Data-Related Liability" exclusion contained in the endorsement to the Depositors Policy, which excludes coverage any bodily injury, property damage, or personal and advertising injury that arises from "any access to or disclosure of any person's [ ] confidential or personal information, [ ] health information or any other type of nonpublic information", precludes coverage for HI Hotels under the Policy's Coverages A and B in connection with the underlying complaint as it arises directly from HI Hotels' access to and disclosure of its employees' biometric data. BIPA defines "confidential and sensitive information" as "nonpublic information" and "health information" [740 ILCS 14/10].

26. Additionally, and in the alternative, the "Employment Practices" exclusion contained in the Depositors Policy, which excludes coverage for bodily injury, property damage, or personal and advertising injury that arises from "employment-related practices, policies, acts or omissions, such as coercion [ ] [or] evaluation [ ] directed at that person", precludes coverage for HI Hotels in connection with the underlying putative class action complaint because the entire complaint is premised on HI Hotels' employment policy requiring its employees clock in and out of work using a biometric timekeeping device. (Exhibit A, ¶ 38-39, 41, 51, 62, 64).

27. Additionally, and in the alternative, the "Employer's Liability" exclusion contained in the Depositors Policy, which excludes coverage for "bodily injury" to an employee of HI Hotels "arising out of and in the course of [ ] the employment" or "performing duties related to the conduct of the insured's business", precludes coverage for HI Hotels under the Policy's Coverage A in connection with the underlying complaint because the entire complaint is premised on allegations related to HI Hotels' employment policy requiring its employees clock in and out using a biometric timekeeping device.

28. Additionally, and in the alternative, the "Knowing Violation of Rights of Another" exclusion contained in the Depositors Policy, which excludes coverage for personal and advertising injury "caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict personal and advertising injury", precludes coverage for HI Hotels under the Policy's Coverage B in connection with the underlying complaint because plaintiffs allege that HI Hotels' biometric timekeeping policy violates the plaintiffs' and purported class' "protected privacy rights" and "rights to know the precise nature for which their biometrics are used[,] stored[,] and destroyed."  (Exhibit A, ¶¶ 13, 34, 49, 101, 110).

29. Depositors specifically denies any and all liability under the terms and provisions of the aforementioned policies of insurance and insists that it is not obligated to defend or indemnify any judgment entered in the underlying suit and, by reason of such demand, Depositors is in peril and in danger of loss unless the policies of insurance be properly construed and the rights of all parties hereto determined in this action.

30. An actual controversy exists between Depositors and HI Hotels, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare

the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, the plaintiff, DEPOSITORS INSURANCE COMPANY, respectfully prays that this Honorable Court:

A. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Depositors Policy;

B. Declare that Depositors owes no duty to defend HI Hotels under the Depositors' Commercial General Liability Coverage policy, No. ACP GLDO 3018689697 and No. ACP GLDO 3008689697, in connection with the underlying class action complaint filed in the Chancery Division of the Circuit Court of Cook County, Illinois, under case no. 2019 CH 9294;

C. Declare that Depositors owe no duty to indemnify HI Hotels under the Depositors' Commercial General Liability Coverage policy, No. ACP GLDO 3018689697 and No. ACP GLDO 3008689697, in connection with the underlying class action complaint filed in the Chancery Division of the Circuit Court of Cook County, Illinois,, under case no. 2019 CH 9294; and

D. And any and all other relief that this Court deems just and equitable under the facts and circumstances.

DEPOSITORS INSURANCE COMPANY,

By: _____
One of Its Attorneys

Kurt Zitzer
Matthew R. Bloom
MEAGHER & GEER, P.L.L.P.
216 N. Jefferson Street, Suite 100
Chicago, Illinois 60661
(312) 463-1045
Attorney No. 6292410
Our File No.:   56597-00121
kzitzer@meagher.com
mbloom@meagher.com